FILED

2009 JUN 12  PM 2: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

LUIS A. CARRILLO, Esq. SBN-70398
Law Offices of Luis A. Carrillo
1525 Fair Oaks Avenue
South Pasadena, California 91030
Tel:   (626)799-9375
Fax:   (626)799-9380
email: lac4justice@yahoo.com

Attorney for Plaintiff
GUILLERMO ALARCON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO ALARCON<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, CHIEF WILLIAM BRATTON, RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ, DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO: CV09-4210 RZ<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AGAINST DEFENDANTS; CIVIL RIGHTS VIOLATIONS (42 U.S.C. §1983); STATE LAW CLAIMS**<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW PLAINTIFF GUILLERMO ALARCON**, and alleges:

# I

## VENUE AND JURISDICTION

1. Venue is proper under 28 U.S.C. § 1391(b) because the underlying acts and injuries upon which the present action is based occurred in the Central District. This court has jurisdiction in the matter because jurisdiction is founded on 28

1   U.S.C. §§ 1331 and 1343, and 42 U.S.C.§1983. Injunctive relief is authorized

2   pursuant to 28 U.S.C. §§ 2201 and 2202.

3   **II.**

4   **PARTIES**

5   2.    Plaintiff GUILLERMO ALARCON, is a resident of Los Angeles County,

6   California, and resides in the Central District of California.

7   3.    At all times mentioned herein, the municipal Defendant CITY OF LOS

8   ANGELES is and was a public entity, duly organized and existing under and by

9   virtue of the laws of the state of California. Plaintiffs duly filed Claims against the

10  Defendant CITY OF LOS ANGELES.

11  4.    At all times relevant hereto, defendants RICHARD AMIO, EVAN

12  SAMUEL, MANUEL ORTIZ, and DOES 1 through 10, were residents of the

13  CITY OF LOS ANGELES, and at all times mentioned herein were acting under

14  color of law, to wit, under the color of the statutes, ordinances, regulations,

15  policies, customs, and usages of defendant CITY OF LOS ANGELES and the City

16  of Los Angeles Police Department, and under the Constitution of the United States

17  of America. Said defendants were acting within their capacity as employees,

18  agents, representatives, and servants of the defendant CITY OF LOS ANGELES.

19  5.    Defendants RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ, and

20  DOES 1 through 10, as duly sworn peace officers, were specifically authorized by

21  defendant CITY OF LOS ANGELES to perform the duties and responsibilities of

22  sworn officers of the CITY OF LOS ANGELES, and all acts complained of herein

23  were performed by said defendants within the course and scope of their duties as

24  police officers for defendant CITY OF LOS ANGELES. Defendant WILLIAM

25  BRATTON was and is a policy maker for defendant CITY OF LOS ANGELES

26  and its Police Department. Defendants RICHARD AMIO, EVAN SAMUEL,

27

28

2

**COMPLAINT FOR DAMAGES**

1   MANUEL ORTIZ, and DOES 1 through 10 were members of the Hollywood

2   Division "Gang Enforcement Detail" during the acts complained of herein.

3   6.      Defendant Chief WILLIAM BRATTON is sued herein in his **official** and

4   **individual** capacity because as Police Chief William Bratton  was and is

5   responsible for maintaining, creating, and ratifying unconstitutional practices and

6   policies which caused Plaintiff's injuries; and because his inaction, his failure to

7   change policies, and failure to implement correct police procedures, policies, and

8   adequate training of Los Angeles Police officers has manifested a reckless and

9   callous indifference to civil rights violations, and which caused the constitutional

10  injuries suffered by Plaintiffs. Defendant Chief William Bratton is also sued in his

11  individual capacity because he set in motion a series of acts by LAPD officers by

12  his failure to implement proper training and tactics for Police officers in dealing

13  with and interacting with residents of the CITY OF LOS ANGELES. Said failures

14  by Defendant Chief William Bratton caused the constitutional injuries suffered by

15  Plaintiffs. Individual liability is sought against Defendant Chief William Bratton

16  because he enforced the official policy, practice, and custom of the defendant

17  CITY OF LOS ANGELES of condoning, approving, and ratifying constitutional

18  violations, false arrests, fabrication of charges, and perjury to justify false charges

19  against the residents of the City of Los Angeles.

20  7.      Plaintiffs are ignorant of the true names and capacities of defendants sued

21  herein as DOES 1 through 10, and therefore sue these defendants by such

22  fictitious names.  Plaintiffs will amend this complaint to allege said defendants'

23  true names and capacities when ascertained.  Plaintiffs are informed and believe,

24  that each of the fictitiously named defendants are responsible in some manner for

25  the occurrences herein alleged, and that plaintiffs' injuries were proximately

26  caused by the acts and/or omissions of said fictitiously named defendants.

27

28

**COMPLAINT FOR DAMAGES**

8.     Defendants DOES 1 through 10, were duly appointed police officers, Sergeants, Lieutenants, Captains, Commanders, executives and/or policymakers of the Los Angeles Police Department, a department and subdivision of defendant CITY OF LOS ANGELES, and at all times mentioned herein said defendants were acting in the course and scope of their employment with defendant CITY OF LOS ANGELES which is liable under the doctrine of respondent superior pursuant to section 815.2 of the California Government Code. Claims have been filed against defendant CITY OF LOS ANGELES. Plaintiff will present said claim in this case.

### III.

### FACTS COMMON TO ALL CAUSES OF ACTION

9.     On July 7, 2007 Plaintiff GUILLERMO ALARCON was peacefully on the premises of his residence, and not engaging in any illegal activity, when the Defendants RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ detained and falsely arrested Plaintiff. The said Defendants did not have any legal justification to detain or arrest Plaintiff. The Defendants RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ did not have any probable cause to arrest Plaintiff and instead the said Defendants fabricated a "pretext" detention of Plaintiff and fabricated probable cause to arrest Plaintiff. The said Defendants also wrote false police reports and wrote a false declaration of probable cause to "cover up" the false arrest of Plaintiff. On or about July 8, 2007, Defendants DOES 1 through 10 approved, ratified, and acquiesced in the false arrest of Plaintiff. Plaintiff was falsely arrested, falsely imprisoned, and forced to stand trial on fabricated charges.

10.     On or about July 7, 2007, Defendants RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ, and DOES 1 through 10, and other unknown LAPD officers, were members of the Hollywood Division "Gang Enforcement Detail." The said Defendants engaged in the unlawful acts of falsely arresting Plaintiff, fabricating a

1   "pretext" detention of Plaintiff, and fabricating probable cause to arrest Plaintiff,

2   in the course and scope of performing their duties as members of the Hollywood

3   Division "Gang Enforcement Detail." The said Defendants also wrote false police

4   reports and wrote a false declaration of probable cause to "cover up" the false

5   arrest of Plaintiff while members of the Hollywood Division "Gang Enforcement

6   Detail." LAPD supervisors at the Hollywood Division, such as Sergeants,

7   Lieutenants, and Captains, ratified, condoned, acquiesced, and "covered up" the

8   illegal practices of the Hollywood Division "Gang Enforcement Detail" such as

9   false arrests, fabrication of probable cause, "planting" of drugs and weapons,

10  writing of false police reports, perjury, excessive use of force, and other

11  misconduct.

12  11.    In the course and scope of their duties as members of the Hollywood

13  Division "Gang Enforcement Detail" the Defendants RICHARD AMIO, EVAN

14  SAMUEL, MANUEL ORTIZ made false arrests, fabricated probable cause,

15  "planted" drugs and weapons, wrote false police reports, committed perjury, used

16  excessive use of force, and engaged in other misconduct.

17  12.    After the false arrest of Plaintiff, the said defendants committed perjury

18  while testifying in various court proceedings against Plaintiff. For example,

19  Defendant EVAN SAMUEL committed perjury at the preliminary hearing of

20  January 16, 2008, Defendant Evan Samuel testified that: [Plaintiff] "immediately

21  turned and ran;" that [Plaintiff] had a "black object in his right hand;" that "he

22  threw the item. It hit a dumpster," and "it landed approximately 5-10 from him."

23  The item "actually broke open." Evan Samuel testified that he could "see the black

24  object in Plaintiff's right hand," [in the dark], and that he was able "to see the

25  black object leave his hand and actually saw where it landed." Defendant Evan

26  Samuel also testified that, "No" [It did not take 10-15-20 minutes to locate the

27

28  _____

5

1   black object]. "No" [Ortiz did not tell him me to be creative in your writing].

2   13.     Defendant MANUEL ORTIZ also committed perjury at the preliminary

3   hearing of January 18, 2008: "Q. Did you ever tell any officer to be creative in

4   their writing? A. No, Sir."

5   14.     Defendant RICHARD AMIO committed perjury at the 1538.5 hearing of

6   April 29, 2008 Richard Amio testified: "I saw him toss the object; It cracked open

7   when I saw it on the ground; It hit a large gray trash bin that was five to ten feet

8   around from Mr. Alarcon."

9   15.     Plaintiff was forced to stand trial on fabricated charges. During the trial the

10  Defendants RICHARD AMIO and EVAN SAMUEL again committed perjury. A

11  video taken from a security camera at the time of Plaintiff's arrest completely

12  undermined the perjured testimony of Defendants RICHARD AMIO, EVAN

13  SAMUEL, and RICHARD ORTIZ. The illegal acts of the said Defendants had

14  been completely "covered up" by the Defendants and other unknown LAPD

15  officers until June 27, 2008. On said date, during the criminal trial of Plaintiff,

16  Public Defender Victor Accevedo presented to the court a video taken from a

17  security camera at the time of Plaintiff's arrest. The video completely undermined

18  the fabricated evidence and perjury committed by the said Defendants. As a result

19  of the video, Superior Court Judge Monica Bachner dismissed the criminal

20  charges against Plaintiff and Judge Bachner also ruled that Plaintiff was factually

21  innocent of the criminal charges filed against Plaintiff.

22  16.     The illegal practices of the Hollywood Division "Gang Enforcement Detail"

23  follow the "pattern and practice" of the Rampart Division scandal of 1999 which

24  brought to light the CRASH gang unit's practices of fabricating evidence, planting

25  guns and drugs on persons falsely arrested; filing false police reports to

26  substantiate the false arrest and of perjury in court proceedings. The Rampart

27

28

1    Division abuses, and the Hollywood Division "Gang Enforcement Detail" abuses,

2    follow the same historical customs and practices of the Los Angeles Police

3    Department to falsely arrest persons;  to fabricate probable cause; to fabricate

4    evidence by planting drugs and/or guns; to file false police reports;  to commit

5    perjury in criminal proceeding and in declarations of probable cause; to use

6    excessive force; to "cover up" misconduct through the "officer code of silence."

7    The "officer code of silence" has been a pervasive practice within the Los Angeles

8    Police Department since the 1940's and been documented by the Christopher

9    Commission, by Professor Erwin Chemerinsky, by the Rampart Blue Ribbon

10   Panel, and Ninth Circuit appellate decisions.

11   17.      On July 7, 2007, LAPD officers of the Hollywood Division "Gang

12   Enforcement Detail", the Defendants Evan Samuel, Richard Amio, and Manuel

13   Ortiz, falsely arrested Plaintiff Guillermo Alarcon. In order to justify the false

14   arrest, these three LAPD officers planted evidence, wrote false police reports, and

15   committed perjury in criminal proceedings. These officers were following the

16   historic customs and practices of the LAPD and of the Rampart CRASH gang unit

17   of the 1990's.  Moreover, these Defendants were protected by members of the

18   Hollywood Division Gang Enforcement Detail, and Sergeants, Lieutenants,

19   Captains, and other supervisory personnel at the Hollywood Division. The

20   misconduct was "covered up" by the LAPD until June 27, 2008. On said date,

21   during the criminal trial of Plaintiff, Public Defender Victor Acevedo presented a

22   video taken from a security camera at the time of Plaintiff's arrest which

23   completely undermined the perjured testimony of the said Defendants.

24   18.      The Hollywood Gang Enforcement Detail, like the Rampart CRASH gang

25   unit, is an elite unit whose members have a strong bond amongst themselves and

26   these bonds create a "circle the wagons" mentality to enforce the "Officer Code of

27

28                                                     7
                                        **COMPLAINT FOR DAMAGES**

1   Silence." It is in this culture of the LAPD that Defendants Evan Samuel, Richard

2   Amio, Manuel Ortiz, and other LAPD officers, believe that they can "get away

3   with it" and with the knowledge that their supervisors will ratify, condone, and

4   acquiesce in their misconduct.

5   19.     The Defendants CITY OF LOS ANGELES and WILLIAM BRATTON

6   have been on "notice" of Rampart type abuses by LAPD officers, and have been

7   under a Federal court *Consent Decree* to reform the LAPD and protect the

8   residents of Los Angeles. The City of Los Angeles has been on notice of the

9   "Officer Code of Silence" and has been on notice of Rampart type abuses.

10  Nevertheless, the customs and practices of the City of Los Angeles continues to

11  permit LAPD officers: to falsely arrest persons; to fabricate probable cause; to

12  fabricate evidence by planting drugs and/or guns; to file false police reports; to

13  commit perjury in criminal proceeding and in declarations of probable cause; to

14  use excessive force; and to "cover up" misconduct through the "officer code of

15  silence."

16  20.     Moreover, before and after July 7, 2007, Plaintiff has been continuously

17  harassed by LAPD officers who constantly stop him, detain him, question him and

18  any passenger in his vehicle.  The harassment of Plaintiff increased after the

19  Preliminary Hearing of January 16, 2008, and included one LAPD officer

20  knocking on his door at 6:30 in the morning pretending to be selling subscriptions

21  to the L.A. Times. On October 9, 2008, Plaintiff was driving his vehicle and

22  Plaintiff was stopped by LAPD officers without any probable cause and Plaintiff's

23  vehicle was illegally searched

24  21.     The false arrest of Plaintiff was a result of the unconstitutional policies,

25  practices and procedures in place at the City of Los Angeles Police Department.

26  Said policies, practices and procedures were sanctioned, authorized and ratified by

27

28  _____

8

**COMPLAINT FOR DAMAGES**

1   the Defendants CITY OF LOS ANGELES and Chief WILLIAM BRATTON and

2   by supervising and administrative personnel, including  but not limited to,

3   Sergeants, Lieutenants, Captains, Commanders, and other supervising staff. The

4   City of Los Angeles and Chief William Bratton ratify and condone illegal acts of

5   LAPD officers. The City of Los Angeles and the Los Angeles Police Department

6   ratify, condone, and acquiesce in the filing of false police reports to "cover up"

7   false arrests, filing of false police reports, perjury, and other misconduct.

8   22.     The CITY OF LOS ANGELES ratifies, condones, and acquiesces, in false

9   arrests, the falsification of evidence, the "planting" of evidence, the filing of false

10  police reports, perjury, and other misconduct.

11                                    **IV.**

12                       **<u>FIRST CAUSE OF ACTION</u>**

13          **VIOLATION OF PLAINTIFF'S CONSTITUTIONAL**

14          **RIGHT TO BE FREE FROM UNREASONABLE**

15          **SEIZURE, DETENTION, AND ARREST GUARANTEED**

16          **BY THE FOURTH  AND FOURTEENTH AMENDMENTS**

17          **OF THE CONSTITUTION OF THE UNITED STATES.**

18                       **[AS TO ALL DEFENDANTS]**

19  23.     Plaintiff repeats and re-alleges each and every allegation above as

20  though fully set forth herein.

21  24.     This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and

22  Fourteenth Amendments of the United States Constitution.

23  25.     On or before July 7, 2007 Plaintiff GUILLERMO ALARCON possessed

24  the right, guaranteed by the Fourth and Fourteenth Amendments of the United

25  States Constitution, to be free from unreasonable seizures and false arrests by

26  police officers acting under the color of law.

27

28  _____
                                    9
                       **COMPLAINT FOR DAMAGES**

26.     On July 7, 2007 Defendants RICHARD AMIO, EVAN SAMUEL,
MANUEL ORTIZ, and Does 1-10 without any justification, detained and falsely
arrested Plaintiff. The said Defendants did not have any legal justification to
detain or arrest Plaintiff. The Defendants RICHARD AMIO, EVAN SAMUEL,
MANUEL ORTIZ did not have any probable cause to arrest Plaintiff and instead
the said Defendants fabricated a "pretext" detention of Plaintiff and fabricated
probable cause to arrest Plaintiff. The said Defendants also wrote false police
reports and wrote a false declaration of probable cause to "cover up" the false
arrest of Plaintiff. On or about July 8, 2007, Defendants DOES 1 through 10
approved, ratified, and acquiesced in the false arrest of Plaintiff.

27.     Defendants RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ
without just and legal cause, violated GUILLERMO ALARCON's rights under
the laws and Constitution of the United States, in particular the Fourth
Amendment of the United States Constitution. Plaintiff was falsely arrested,
falsely imprisoned, and forced to stand trial on fabricated charges, and duriong
court proceedings the said Defendants committed perjury while testifying.

## V.

### SECOND CAUSE OF ACTION

### MONELL MUNICIPAL LIABILITY FOR VIOLATION

### OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

### [AS TO THE CITY OF LOS ANGELES]

28.     Plaintiff repeats and re-alleges each and every of the foregoing allegations
above as though fully set forth herein.

29.     Defendant CITY OF LOS ANGELES manifests a deliberate indifference to
the violation of constitutional rights of the residents of the City of Los Angeles,
including Plaintiff herein. This deliberate indifference is manifested by the failure

COMPLAINT FOR DAMAGES

1   to change, correct, revoke, or rescind policies, procedures, and customs, in light of

2   prior knowledge by said Defendant CITY OF LOS ANGELES, and its

3   policymakers, of indistinguishably similar incidents to residents of Los Angeles.

4   It is the policy, practice, and custom of the defendant CITY OF LOS ANGELES

5   of ignoring violations of Civil Rights, and to condone and ratify the "Officer Code

6   of Silence" in cases where the residents are victims of false arrests and/or other

7   police misconduct. The defendant CITY OF LOS ANGELES continues to

8   acquiesce, condone, and ratify the "Officer Code of Silence".

9   30.     The foregoing acts and systemic deficiencies, policies and customs  of said

10   defendant CITY OF LOS ANGELES caused defendants RICHARD AMIO,

11   EVAN SAMUEL, and MANUEL ORTIZ to ignore the Federal Constitution and

12   laws governing proper police tactics and to believe that false arrests, fabrication of

13   probable cause, writing of false police reports, perjury and other misconduct is

14   entirely within the discretion of the officer, and that false arrests, fabrication of

15   probable cause, and perjury would not be honestly and properly investigated, all

16   with the foreseeable result that said defendant officers would fabricate evidence,

17   fabricate probable cause, falsely arrest residents, commit perjury and other

18   misconduct, thereby violating the civil rights of the of the residents of the City of

19   Los Angeles, and of Plaintiff herein.

20   31.     As a result of the aforementioned acts, systematic deficiencies, policies,

21   procedures, customs and practices of defendant CITY OF LOS ANGELES and its

22   Police Department, defendants RICHARD AMIO, EVAN SAMUEL, MANUEL

23   ORTIZ falsely arrested Plaintiff on July 7, 2007 in violation of the Fourth

24   Amendment.

25   32.     As a direct and proximate result of the aforementioned policies, procedures,

26   customs and practices of defendant CITY OF LOS ANGELES, Plaintiff was

27

28

1  falsely arrested, falsely imprisoned, and forced to stand trial on fabricated charges,

2  thereby suffering permanent injuries.

3  33.   The Defendants, the CITY OF LOS ANGELES and Police CHIEF

4  WILLIAM BRATTON, have policies, procedures, customs and practices which

5  violate the Constitutional rights of residents and which manifest a deliberate

6  indifference to the civil rights of the residents of Los Angeles by:

7      (a) Failing to discipline police officers who engage in practices and illegal

8      acts such as false detentions, false arrests, fabrication of evidence, and

9      perjury in courtroom testimony;

10     (b) Failing to adequately train LAPD officers and Commanders in the

11     proper supervision, command and control of police officers, and failing to

12     train in proper police procedures within the Fourth Amendment of the

13     United States Constitution;

14     (c) Failing to adequately train LAPD officers and Commanders in proper

15     police tactics to prevent false arrests, fabrication of probable cause, and

16     perjury in court against those residents falsely arrested;

17     (d) Failing to adequately train LAPD officers and Commanders in proper

18     police practices and procedures arrests;

19     (e) Failing to adequately train LAPD officers and Commanders in proper

20     police tactics to avoid using excessive force;

21     (f) Failing to adequately train LAPD officers and Commanders in the proper

22     police tactics and procedures in avoiding the use of force against persons

23     who are compliant or have complied with police officers;

24     (g) Failing to properly supervise police officers of the City of Los Angeles

25     so that unlawful conduct by the police officers would not be permissible and

26     would be prevented;

27

28
**COMPLAINT FOR DAMAGES**

(h) Failing to train police officers to prevent false arrests and falsification of charges against persons who have not committed any crime or public offense; and,

(i) Failing to train to prevent LAPD officers to prevent officers from committing perjury and engaging in other misconduct;

(k) Failing to "root out" the pervasive Officer Code of Silence within the Los Angeles Police Department;

(l) Failing to supervise the Hollywood Division "Gang Enforcement Detail" to prevent illegal arrests, fabrication of evidence, perjury, and other misconduct within the Hollywood Division "Gang Enforcement Detail."

34.     The customs, policies, and practices of the Defendant CITY OF LOS ANGELES caused the constitutional injuries to Plaintiff herein.

## VI.

### THIRD CAUSE OF ACTION

**VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW IN SUBJECTING PLAINTIFF TO FALSE ARREST, FABRICATED CHARGES, AND FALSE EVIDENCE BASED ON PERJURY.**

**[As to Defendants RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ]**

35.     Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

36.     At all pertinent times, Plaintiff GUILLERMO ALARCON possessed the right, guaranteed by the Fourteenth Amendment of the United States Constitution, to be free from unreasonable seizures and the right not to be deprived of his liberty without due process of law. Defendants, RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ committed a false arrest acting under the color of law.

**COMPLAINT FOR DAMAGES**

37.     Plaintiff was falsely arrested on July 7, 2007 by Defendants RICHARD
AMIO, EVAN SAMUEL, MANUEL ORTIZ without due process.

38.     As a sole, direct, and proximate result of the acts and omissions herein
described, Plaintiff has suffered and will continue to suffer, general damages and
special damages, and emotional distress, all to Plaintiff's damages according to
proof at trial.

## VII.

## FOURTH CAUSE OF ACTION

## VIOLATION OF PLAINTIFF'S RIGHT TO THE EQUAL PROTECTION OF THE LAWS AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE CONSTITUTION.

## [AS TO ALL DEFENDANTS]

39.     Plaintiff repeats and re-alleges each and every allegation above as
though fully set forth herein.

40.     The said Defendants violated Plaintiff's right to the equal protection of the
laws as guaranteed by the Fourteenth Amendment of the United States
Constitution in that Defendants' conduct constitutes differential treatment based
on Plaintiff's ancestry. The Defendants  RICHARD AMIO, EVAN SAMUEL,
MANUEL ORTIZ, Does 1 through 10, and other LAPD officers, members of the
Hollywood Division "Gang Enforcement Detail" engage in false arrests, fabricate
probable cause, "plant" drugs and weapons, write false police reports, commit
perjury, use excessive force, and engage in other misconduct against members of
minority groups, against young persons of African-American and Latino ancestry,
such as Plaintiff herein, with the knowledge that LAPD supervisors at the
Hollywood Division, such as Sergeants, Lieutenants, and Captains, would ratify,
condone, acquiesce, and "cover up" the illegal practices of the Hollywood

**COMPLAINT FOR DAMAGES**

1   Division "Gang Enforcement Detail" such as false arrests, fabrication of probable

2   cause, "planting" of drugs and weapons, writing of false police reports, perjury,

3   excessive use of force, and other misconduct.

4   41.    Unless restrained through the Court's equitable and injunctive powers, the

5   said Defendants, other LAPD officers, other members of the Hollywood Division

6   "Gang Enforcement Detail" will continue to engage in false arrests, fabricate

7   probable cause, "plant" drugs and weapons, write false police reports, commit

8   perjury, use excessive force, and engage in other misconduct against members of

9   minority groups, against young persons of African-American and Latino ancestry,

10  such as Plaintiff herein, with the knowledge that LAPD supervisors at the

11  Hollywood Division, such as Sergeants, Lieutenants, and Captains, would ratify,

12  condone, acquiesce, and "cover up" the illegal practices of the Hollywood

13  Division "Gang Enforcement Detail" such as false arrests, fabrication of probable

14  cause, "planting" of drugs and weapons, writing of false police reports, perjury,

15  excessive use of force, and other misconduct.

16                                  **PRAYER**

17  WHEREFORE, Plaintiff, on each and every cause of action above, demands the

18  following relief, jointly and severally, against all the Defendants:

19      1.    Compensatory general, special damages, and economic damages in an

20          amount in accordance with proof;

21      2.    Reasonable attorneys' fees and expenses of litigation, including those

22          fees permitted by 42 U.S.C. §1988;

23      3.    That Defendant CITY OF LOS ANGELES be ordered, and be

24          enjoined, to dismantle the Hollywood Division "Gang Enforcement Detail"

25          and/or the illegal acts and misconduct of the Hollywood Division "Gang

26          Enforcement Detail" and other LAPD gang units;

27

28                                      15
                          **COMPLAINT FOR DAMAGES**

1     4.     That Defendants be enjoined in perpetuity from committing the illegal

2 acts and misconduct complained of herein;

3     5.     Costs of suit necessarily incurred herein;

4     6.     Prejudgment interest according to proof; and

5     7.     Such further relief as the Court deems just or proper.

6

7 Dated: June 11, 2009

8

9                     By: _____

10                        LUIS A. CARRILLO
                         Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

**COMPLAINT FOR DAMAGES**

1

## DEMAND FOR JURY TRIAL

2

Plaintiff requests that the present matter be set for jury trial.

3

4

Dated: June 11, 2009

5

6

By: _____

7

LUIS A. CARRILLO

8

Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

**COMPLAINT FOR DAMAGES**

Luis A. Carrillo, Esq. SBN 70398
LAW OFFICES OF LUIS A. CARRILLO
1525 Fair Oaks Avenue
South Pasadena, CA 91030
Tel: (626)799-9375
Fax: (626)799-9380

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO ALARCON<br><br>PLAINTIFF(S)<br><br>v.<br><br>CITY OF LOS ANGELES, CHIEF WILLIAM BRATTON, RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ, DOES 1 through 10, Inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-4210 RZ<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):  <u>CITY OF LOS ANGELES, CHIEF WILLIAM BRATTON, [see attachment]</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  <u>LUIS A. CARRILLO</u>, whose address is <u>1525 Fair Oaks Avenue, South Pasadena, California</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  ___**JUN 1 2 2009**___

By: _Natalie Gongora_
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

<u>Attachment to Summons</u>

Additional Defendants:

RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ, DOES 1 through 10,
Inclusive,

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| GUILLERMO ALARCON | CITY OF LOS ANGELES, CHIEF WILLIAM BRATTON, RICHARD AMIO, EVAN SAMUEL, MANUEL ORTIZ, DOES, DOES 1 through 10, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LUIS A. CARRILLO, ESQ 1525 FAIR OAKS AVE, SOUTH PASADENA, CA 91030 TEL: (626)799-9375 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $_____**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CIVIL RIGHTS 42 U.S.C. 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____   CV09-4210

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   Date  June 11, 09

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |